UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

U.S. SECURITIES AND EXCHANGE          )
COMMISSION,                           )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )      No. 4:05CV371-DJS
                                      )
CRAIG N. COHEN,                       )
                                      )
            Defendant.                )

ORDER

      Defendant is the former Chief Financial Officer (CFO) and
Vice President of Customer Premises Systems for TALX Corporation--a
public company whose stock is traded on the NASDAQ National Market
System.  The Securities and Exchange Commission's (SEC) first
amended complaint asserts that defendant violated various anti-
fraud provisions of federal securities law by preparing materially
false and misleading financial statements that were filed with the
SEC.  Specifically, the SEC alleges that defendant participated in
three fraudulent bill and hold transactions, allowed multiple
fraudulent percentage of completion calculations due to inadequate
internal controls, prepared and aided and abetted TALX in filing
false financial statements, and made misleading statements to
TALX's auditors, KPMG.

      Defendant has filed a motion for partial summary judgment
on all of the SEC's claims as they relate to three equipment sales
upon which TALX recognized revenues in error, namely: (1) TALX's

recognition of $79,500 of revenue in its second quarter of fiscal
year 2001 on a sale of CPS equipment to Kaiser Permanente that did
not satisfy all accounting requirements for revenue recognition as
a bill and hold transaction,[1] (2) TALX's recognition of $27,710 of
revenue in its second quarter of fiscal year 2001 on a sale of
hardware to PS Tech that failed to ship until the third quarter,
and (3) TALX's recognition of $32,909 of revenue in its first
quarter of fiscal year 2000 on a sale of CPS hardware to Cuyahoga
that failed to ship until the second quarter. Summary judgment is
appropriate when no genuine issue of material fact exists and the
moving party is entitled to judgment as a matter of law. <u>Reich v.
Conagra, Inc.</u>, 987 F.2d 1357, 1359 (8th Cir. 1993). Furthermore,
the Court is "required to view all of the evidence in the light
most favorable to the nonmoving party and to give that party the
benefit of all reasonable inferences to be drawn from the facts
disclosed in the pleadings." <u>Id.</u> Having carefully considered both
parties' arguments, this Court is not persuaded that defendant is
entitled to summary judgment on any of the seven counts as they
apply to the aforementioned alleged bill and hold transactions.
<u>See</u> Fed. R. Civ. P. 56(c).

## A.    Securities Fraud Violations: Counts 1, 2, and 3

The first three counts of the SEC's first amended

---

[1] A bill and hold transaction occurs when a company properly
records the revenue but retains the goods to ship at a later
date.

complaint assert that defendant: (1) with scienter, in the offer or sale of TALX securities, employed a scheme to defraud in violation of § 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1); (2) in the offer or sale of TALX securities, negligently obtained money by means of untrue statements of material facts or material omissions, or engaged in business practices operating as a fraud upon a purchaser or seller in violation of § 17(a)(2),(3) of the Securities Act, 15 U.S.C. § 77q(a)(2),(3); and (3) with scienter, in the offer or sale of TALX securities, employed a scheme to defraud, made an untrue statement of material fact or a material omission, or engaged in business practices operating as a fraud upon a purchaser or seller and knowingly used means of interstate transportation or communication in furtherance of the fraudulent conduct in violation of § 10(b) of the Exchange Act & Rule 13b2-1, 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5.

Generally, defendant argues that there is no evidence to create genuine issues of material fact that defendant made or caused TALX to make material misrepresentations, as required in Counts 2 and 3, or that defendant acted with scienter, as required in Counts 1 and 3. See In re K-tel Intern., Inc. Sec. Litigation, 300 F.3d 881, 888 (8th Cir. 2002) (holding that a plaintiff must show both materiality and scienter to proceed on claims under § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b)); Pagel, Inc. v. S.E.C., 803 F.2d 942, 946 (8th Cir. 1986) (citations omitted)

("[T]he SEC must prove scienter in actions under sections 10(b) and 17(a)(1), but . . . it need only prove negligence in actions under sections 17(a)(2) or (3)."). Neither of defendant's arguments is persuasive.

### 1. Materiality

To establish materiality, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." <u>TSC Indus., Inc. v. Northway, Inc.</u>, 426 U.S. 438, 449 (1976) (quotation omitted). Materiality may be decided as a matter of law "where a reasonable investor could not have been swayed by an alleged misrepresentation." <u>Parnes v. Gateway 2000, Inc.</u>, 122 F.3d 539, 546 (8th Cir. 1997); <u>see also</u> <u>Romine v. Acxiom Corp.</u>, 296 F.3d 701, 706 (8th Cir. 2002).

The SEC's Staff Accounting Bulletin No. 99 ("SAB 99"), 17 C.F.R. pt. 211, subpt. B, sets forth the policy that many qualitative factors may cause misstatements of quantitatively small amounts to be material. The Second Circuit in <u>Ganino v. Citizens Util. Co.</u>, 228 F.3d 162-63 (2d. Cir. 2000), and a dissenting judge of the Eighth Circuit in <u>Romine</u>, 296 F.3d at 710 (Bye, J.), have looked to SAB 99 as a persuasive authority. SAB 99 directs that both individual misstatements and their aggregate effect should be considered when analyzing their materiality. Even the majority in

Romine follows SAB 99's cumulative effect approach by holding that multiple potentially material misstatements may be addressed seriatim, "except to the extent their *cumulative* impact may become relevant." Romine, 296 F.3d at 705 (emphasis added).

Defendant continually relies on the Eighth Circuit's finding that a 2% overstatement of assets is immaterial. See Parnes, 122 F.3d at 547. However, defendant's proposed 2% litmus test for the materiality of an individual misstatement fails to address the cumulative effect of several misstatements. "Any approach that designates a single fact or occurrence as always determinative of an inherently fact-specific finding such as materiality, must necessarily be overinclusive or underinclusive." See Basic Inc. v. Levinson, 485 U.S. 224, 236 (1988).

In the instant case, the aggregate effect of the alleged misstatements well exceeds defendant's proposed 2% margin. In addition to the aforementioned misstatements which are the subject of the instant motion, the SEC's first amended complaint asserts that:

> In January 2004, TALX restated [its] financial statements. For fiscal year 2000, TALX had to reduce its revenue by $25,000 (including reducing revenue by $150,000 for the quarter ended June 30, 1999 and by $724,000 for the quarter ended March 31, 2000). For fiscal year 2001, TALX had to reduce its revenue by $361,000 (including reducing revenue by $188,000 for the quarter ended June 30, 2000 and by $228,000 for the quarter ended December 31, 2000). For fiscal year 2004, TALX had to reduce revenue by $37,000 (including reducing revenue by $24,000 for the quarter ended June 30, 2003 and by $37,000 for the quarter ended December 31, 2003).

In addition, although the net effect for fiscal year 2002 and 2003 was an increase in revenue, TALX actually had improperly recognized revenue in those years. For fiscal year 2002, TALX accelerate [sic] approximately $900,000 in earnings for the service bureau and operating software division and accelerated approximately $200,000 in earning for the unit in fiscal year 2003.

(Pl.'s 1st Am. Compl. [Doc. #28] ¶ 13.) Given the cumulative effect of all the alleged misstatements, this Court cannot find as a matter of law that these three misstatements were immaterial. Defendant's arguments premised upon the findings of KPMG, TALX's auditor, that the transactions were immaterial are unpersuasive as KPMG does not appear to have considered the cumulative effect of the misstatements. The Court next analyzes the asserted scienter associated with each bill and hold transaction.

## 2. Scienter

To show that defendant acted with scienter, the SEC may offer evidence that defendant possessed "a mental state embracing intent to deceive, manipulate, or defraud," acted with severe recklessness, or had an unusually heightened motive and opportunity. In re K-tel Intern., Inc. Sec. Litig., 300 F.3d 881, 893-94 (8th Cir. 2002) (citations omitted). "Proof of scienter need not be direct but may be 'a matter of inference from circumstantial evidence.'" Pagel, Inc. v. S.E.C., 803 F.2d 942, 946 (8th Cir. 1986) (quoting Herman & MacLean v. Huddleston, 459 U.S. 375, 390 n. 30 (1983)). "Generally, the issue of whether a particular intent existed is a question of fact for the jury." In

re K-tel Intern., 300 F.3d at 894. However, an issue concerning scienter can be resolved on summary judgment if there is no genuine issue of material fact. In re Acceptance Ins. Co. Sec. Litig., 423 F.3d 899, 905 (8th Cir. 2005).

The SEC asserts that defendant misstated revenues in order to meet earnings targets, thus allowing defendant to receive his full bonus and TALX to have a successful secondary stock offering. Both assertions provide sufficient motivation for defendant to repeatedly misrepresent revenues. The Eighth Circuit has recognized that "alleging the defendants misrepresented corporate performance in order to keep stock prices inflated while selling stock" is a sufficient motive to establish scienter. In re K-tel Intern., 300 F.3d at 894.

Defendant concedes that TALX improperly recognized $79,500 in revenues in its fiscal 2001 second-quarter financial statements from a sale of six CPS hardware units to Kaiser Permanente that TALX did not ship until TALX's fourth quarter.[2] TALX also improperly recognized $32,909 of revenue on a sale of equipment to Cuyahoga in TALX's first fiscal 2000 quarter. KPMG upon review found that the sale did not qualify as a bill and hold transaction and that the revenue was prematurely recorded. With respect to the Kaiser and Cuyahoga transactions, Keith Graves, another TALX employee, allegedly told defendant that the

---

[2] Defendant's transaction was part of a sale of 37 units to Kaiser for $344,247.

7

transactions should not be booked as bill and holds. (Pl.'s ex. 5 [Doc. #41] at 27-28.) Despite these warnings, defendant prematurely recorded both transactions. Given these allegations, the Court is unable to find as a matter of law that defendant did not possess the requisite scienter with respect to the Kaiser and Cuyahoga bill and hold transactions.

In 2003, the $27,710 PS Tech misstatement in the second quarter of 2001 was discovered by TALX and KPMG in an internal investigation. Defendant asserts that there is no evidence that he knew of the error. At the time the transaction was booked, defendant is alleged to have been the CFO of TALX and responsible for the accuracy of financial statements. Here again, the Court is unable to find as a matter of law that defendant did not possess the requisite scienter with respect to the PS Tech bill and hold transaction.

**B.  Remaining Claims**

The SEC also asserts counts four through seven, which allege that defendant: (4) knowingly circumvented or failed to implement a system of internal accounting controls or knowingly falsified books, records, or accounts described in § 13(b)(2) of the Exchange Act in violation of § 13(b)(5) of the Exchange Act & Rule 13b2-1, 15 U.S.C. § 78m(b)(5) & 17 C.F.R. § 240.13b2-1; (5) knowingly and substantially assisted TALX in filing materially misleading reports with the SEC and failing to file with the SEC

required documents and information in violation of § 13(a) of the Exchange Act & Rules 12b-20, 13a-1, 13a-11, 13a-13, 15 U.S.C. § 78m(a) & 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13; (6) knowingly and substantially assisted TALX's failure to keep accurate records of the company's transactions and its failure to devise and maintain adequate internal accounting controls in violation of § 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2); and (7) made a materially false or misleading statement, or omitted a material fact, to TALX's independent auditors in violation of Exchange Act Rule 13b2-2, 17 C.F.R. § 240.13b2-1.

With respect to Counts 5 and 6, the SEC must establish "a securities laws violation by the primary party (as opposed to the aiding and abetting party)." Camp v. Dema, 948 F.2d 455, 459 (8th Cir. 1991). The SEC alleges that defendant was responsible for preparing, or reviewing and approving the financial statements that TALX included in the quarterly, annual and current reports filed with the SEC. Defendant argues that he could not have aided and abetted a primary party both because there was no securities laws violation and because TALX, as a corporation, cannot act on its own and therefore defendant himself is alleged to be the primary party. Neither argument is persuasive as the first amended complaint does assert a securities laws violation by TALX, which may act as the primary party. See Ponce v. S.E.C., 345 F.3d 722, 737 (9th Cir.

9

2003)(analyzing whether an independent auditor can aid and abet the corporation that hires him); <u>S.E.C. v. Lucent Techs., Inc.</u>, 363 F. Supp. 2d 708, 725 (D.N.J. 2005) (denying a motion to dismiss a claim that an officer aided and abetted his company in a violation of § 10(b) of the Exchange Act).

Furthermore, contrary to defendant's assertions, the Court finds that scienter is not an element of claims under § 13 of the Exchange Act. <u>See</u> <u>Ponce v. S.E.C.</u>, 345 F.3d 722, 737 (9th Cir. 2003); <u>S.E.C. v. McNulty</u>, 137 F.3d 732, 740-41 (2d Cir. 1998); <u>S.E.C. v. Savoy Indus., Inc.</u>, 587 F.2d 1149, 1165 (D.C. Cir. 1978).[3]  The SEC only needs to show that defendant acted knowingly for an alleged violation under Section 13(b)(5) of the Exchange Act.  <u>See</u> 15 U.S.C. § 78m(b)(5).  Given defendant's position as CFO and the above discussion concerning materiality and scienter, the Court is unable to find as a matter of law that defendant lacked the requisite knowledge or that the recognized revenue was immaterial.  The Court is not persuaded by defendant's remaining arguments as they all stem from similar assertions that he lacks scienter and that the misstatements were immaterial.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for partial

---

[3] The parties also dispute in their joint memorandum of elements of claims [Doc. #46] whether scienter is an element of Count 7, which asserts a violation of Exchange Act Rule 13b2-2. Here again, the Court finds that a showing of scienter is not required.

summary judgment [Doc. #40] is denied.

Dated this ____2nd____ day of August, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE